IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALONZO JOHNSON,      :
    Plaintiff      :
          :
          :
v.      :   CIVIL NO. 4:CV-05-2664
          :
          :   (Judge Jones)
K. BITTENBENDER, ET AL.,      :
    Defendants      :

## MEMORANDUM

November  20 , 2006

## THE BACKGROUND OF THIS ORDERS IS AS FOLLOWS:

Alonzo Johnson ("Plaintiff"), an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed this pro se civil rights action. Following service of the complaint, Defendants filed a motion to dismiss and for summary judgment. (Rec. Doc. 22). A brief in support of their motion was submitted on June 5, 2006.

After Plaintiff failed to respond to the Defendants' dispositive motion, this Court issued an Order on October 25, 2006, granting Johnson a final opportunity to November 17, 2006 in which to file and serve a response to the pending dispositive motion.[1] The Order, citing the standards announced in Link v.

---

[1] M.D. Pa. Local Rule 7.6 provides that documents opposing any pre-trial motion, including an opposing brief, are to be filed within fifteen (15) days after service of the movant's brief. Local Rule 7.6 warns that "[a]ny respondent who fails to comply with this Rule shall be deemed not to oppose such motion."

Wabash Railroad Co. 370 U.S. 626, 629 (1962); Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); and Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991), forewarned Plaintiff that failure to timely respond would be deemed a failure to prosecute and result in dismissal of his action with prejudice under Rule 41(b).

## DISCUSSION:

The relevant time period established by the October 25, 2006 Order has passed and Johnson has not responded to the pending dispositive motion nor sought an enlargement of time in which to do so. Furthermore, the Plaintiff has not made any submissions to this Court since April 26, 2006.

Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any Order of Court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the Court in its Order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication on the merits. The granting of an unopposed summary judgment motion is within the discretion of the court.

In Poulis, the Third Circuit instructed the district court to consider six (6) factors in considering whether to dismiss a complaint with prejudice where the plaintiff's counsel failed to conduct discovery and file a pre-trial statement within deadlines set by the Court: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was wilful and in bad faith; (5)

possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994). Based on the Plaintiff's failure to respond to the Court's October 25, 2006 Order and his complete lack of action since April, 2006, an application of the Poulis factors weighs in favor of dismissal.

The Plaintiff's failure to respond to this Court's October 25, 2006 Order is deemed a failure to prosecute and his action is hereby dismissed, with prejudice. Judgment will be entered in favor of the Defendants.

_____
John E. Jones III
United States District Judge